UNITED STATES DISTRICTCOURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU,** a Florida corporation

*Plaintiffs and Petitioners,*

Case No.
Judge:

v.

**WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE,**
a limited liability company;

**XAVIER BECERRA,**
as the Secretary of the United States Department of Health and Human Services;

**CHIQUITA BROOKS-LASURE**,
As Administrator for the Centers for Medicare and Medicaid Services;

*Defendants.*
_____/

**COMPLAINT FOR: INJUNCTIVE RELIEF; DECLARATORY RELIEF**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Plaintiff **WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU** (hereinafter "Plaintiff" or "JET ICU") hereby complains against Defendants **WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE; XAVIER BECERRA,** as the Secretary of the United States Department of Health and Human Services; **CHIQUITA BROOKS-LASURE,** as Administrator for the Centers for

1

Medicare and Medicaid Services (hereafter collectively "Defendants" or "Respondents") and alleges as follows:

## INTRODUCTION

1. This case seeks to enjoin Defendants from initiating a federal statutory arbitration process which is in violation of the federal law itself. In the federal No Surprises Act ("NSA")[1] Congress acted to protect consumers from surprise billing, and to provide non-network or non-contracted providers[2] a prompt process to obtain fair and reasonable compensation from insurers and health plans. ("hereafter collectively "insurers" or "plans"). In this case GEOBLUE seeks to use the arbitration process in violation of the Act, and should be enjoined from violating the Act. Agency defendants should be similarly enjoined from exercising *ultra vires* authority or jurisdiction in excess of the Act.

2. This action does not concern the patient-protection provisions of the NSA, of which JET ICU is supportive.

## PARTIES

3. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. is a Florida corporation which does business as JET ICU. (hereafter shall be referred to as "Plaintiff" or "JET ICU"). JET ICU is

---

[1] 42 USC §300gg-11. The NSA made parallel amendments to provisions of the Public Health Service ("PHS") Act, which is enforced by the Department of Health and Human Services ("HHS"); the Employee Retirement Income Security Act ("ERISA"), which is enforced by the Department of Labor; and the Internal Revenue Code ("IRC"), which is enforced by the Department of the Treasury. Many of the implementing regulations are parallel provisions that apply, as relevant, to group health plans ("plans") and health insurance issuers offering group or individual health insurance coverage ("issuers")(collectively, "insurers"). The relevant statutory and regulatory provisions appear in triplicate and are identical in all material respects. The NSA's IDR provisions are codified at 42 U.S.C. §300gg-111 (PHS Act), 29 U.S.C. § 1185e (ERISA), and 26 U.S.C. § 9816 (IRC). For ease of reference, this complaint cites the PHS Act and implementing regulations.

[2] Hereafter, "non-network" and "non-contracted" shall mean healthcare providers, including air ambulances, who do not have a contract with the patient's insurer/plan.

2

an air ambulance company which provides fixed-wing air and ground ambulance services to patients with urgent and emergent medical conditions, to medevac or repatriate the patient from an overseas location. JET ICU's primary place of business is in the City of Tampa, State of Florida, within this judicial district.

4. JET ICU provides services to patients and their insurers in every state. JET ICU provides services to patients with insurance coverage through insurers who are predominantly/exclusively not contracted with JET ICU. In other words, JET ICU is a predominantly non-network provider subject to the provisions of the federal No Surprises Act, 42 U.S.C. 300gg–19a(b)).

5. Defendant WORLDWIDE INSURANCE SERVICES, LLC is a limited liability company which does business as GEOBLUE (hereafter "GEOBLUE"). GEOBLUE is a corporation registered to do business with the Florida Secretary of State, and has a principal place of business in King of Prussia, Pennsylvania.

6. Defendant XAVIER BECERRA is the duly sworn Secretary of the United States Department of Health and Human Services (hereafter "BECERRA"). Defendant BECERRA is sued in his official capacity as the Secretary of the Department of Health and Human Services.

7. Defendant CHIQUITA BROOKS-LASURE (hereafter "BROOKS-LASURE") is the Administrator of the Centers for Medicare and Medicaid Services (hereafter "CMS"). Administrator BROOKS-LASURE is sued in her official capacity as Administrator of the Centers for Medicare and Medicaid Services. CMS is the primary administrator of the federal Independent Dispute Resolution ("IDR") arbitration process.

8. CMS is statutorily authorized to administer the IDR process, as well as to undertake specified oversight and regulatory functions. See, 42 U.S.C. §300gg-111(b)(2).

## JURISDICTON AND VENUE

9. Jurisdiction is proper for this Complaint pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 706. Plaintiff is entitled to the requested declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

10. Venue is proper in this District under 28 U.S.C. §1391(e) because this is an action in part against United States officers and agencies, and because Plaintiff's principal place of business is in this District.

## FACTS

11. Traditionally, when a patient with private insurance coverage receives medical care from an "in-network" provider, the insurer pays the provider the rate the insurer and provider had negotiated and agreed to by written contract. If the insurer and provider have not signed an agreement, the provider is "out-of-network." When a patient receives care from an out-of-network provider, the provider submits a bill to the patient's insurer, and the insurer determines how much to pay the provider. In addition to applicable out-of-network cost-sharing, the outstanding balance—the difference between what the provider billed and how much the insurer paid—would be the patient's responsibility. To collect that balance, the provider historically could send the patient a "balance bill." This practice was ended by Congress.

12. Congress enacted the No Surprises Act ("NSA") in 2020 to address "surprise medical bills." and end balance bills. Pub. L. No. 116-260, div. BB, tit. I, 134 Stat. 1182, 2758–2890 (2020). In the No Surprises Act ("NSA" or the "Act"), Congress established an Independent Dispute Resolution ("IDR") process for resolving payment *disputes* between out-of-network healthcare providers and insurers. See, 42 USC §§300gg-111(c)(2)(A)[emphasis added],

300gg-112  A payment dispute is one where the non-network provider and the insurer cannot agree on a reimbursement or payment amount for the services rendered by the provider to the insurer's patient after the insurer/plan has made a partial payment or denied reimbursement entirely.  See, 42 USC §300gg-111(c)(1)(A), 300gg-112(b)(1).

13. In summary, the NSA process works as follows: after a non-network provider submits a claim for reimbursement, the insurer/plan adjudicates the claim and makes either a partial payment or denies the claim entirely, i.e., pays nothing.  If the provider does not agree with the insurer's decision, the provider may initiate a 30-day period of "open negotiations" whereby the parties attempt to reach a voluntary agreement on the amount owed.  42 USC §§300gg-111(c)(1)(A), 300gg-112(b)(1)(A).  If the negotiations are unsuccessful, either party in the negotiations has a 4-day window to seek IDR arbitration.  42 USC §300gg-111(c)(1)(B), 300gg-112(b)(1)(B).  An IDR arbitration is a "baseball" style arbitration where the arbitrator picks a payment amount from the amount offered by each party.  See, 42 USC §§ 300gg-111(c)(5)(B), (C)(ii); 300gg-112(b)(1)(B).

14. As alleged herein, GEOBLUE has initiated two IDR arbitrations for claims in which there was no payment dispute between JET ICU and GEOBLUE as to the payment amount, indeed, GEOBLUE paid JET ICU's billed charges.

15. On or about April 3, 2024, Defendant GEOBLUE initiated with CMS an NSA Independent Dispute Resolution ("IDR") arbitration process against JET ICU with Dispute Reference Number DISP-1214725.

16. On or about April 3, 2024, Defendant GEOBLUE initiated with CMS an NSA Independent Dispute Resolution ("IDR") arbitration process against JET ICU with Dispute Reference

Number DISP-1214729.  Hereafter, Dispute Reference DISP-1214729 and Dispute Reference DISP-1214725 will be collectively referred to as "the Disputes".

17. The claims submitted by JET ICU which form the basis for of the Disputes, were for services provided to a patient on September 12, 2023.  JET ICU submitted a claim for services including, but not limited to air ambulance services.  GEOBLUE paid JET ICU on January 5, 2024, in the full amount of its billed charges.  See Exhibit A hereto.

## FIRST CLAIM FOR RELIEF
### (Injunctive Relief)

18. Plaintiff incorporates by this reference, the facts alleged in the preceding paragraphs as if fully set forth herein.

19. GEOBLUE's initiation of IDR on April 4, 2023, was in excess of the statutory period(s) to initiate IDR.  See, 42 USC 300gg-112(b)(1)(A)(B).

20. Each IDR request is submitted to an office within CMS designated for the purpose of administering such requests.  CMS, pursuant to statute, then assigns the dispute to a private arbitration company contracted by CMS for the purposes of adjudicating IDR arbitration.  See, 42 U.S.C. §300gg-112(b)(1)(B) & (b)(2).  Under the NSA, IDR arbitration is exclusively for the purposes of selecting the reimbursement amount owed to a non-network provider by the insurer or health plan, in other words, exclusively for payment disputes.  42 USC §300gg-112(b)(1)(5)(B).

21. The Disputes concern two separate claims for reimbursement made by JET ICU to GEOBLUE for services rendered to a single patient during one medical emergency, whom JET ICU transported by fixed-wing air ambulance.  JET ICU, per industry standards, billed

two CPT[3] codes: A0430 and A0435.  Dispute No. DISP-1214729 concerned code A0430.  Dispute No. DISP-1217425 concerned Code A0435.

22. GEOBLUE paid JET ICU its full billed charges for each code billed on January 5, 2024, which JET ICU accepted as full payment.  GEOBLUE did not dispute the billed charges.  JET ICU did not dispute the amount paid by GEOBLUE.

23. GEOBLUE did not make a partial payment or deny the claims which form the basis for the Disputes.

24. JET ICU did not initiate "open negotiations" as that term is defined in the NSA concerning the claim amount or GEOBLUE's payments.  See, 42 USC §300gg-112(b)(1)(A).

25. Pursuant to the NSA, open negotiations can only be initiated over a payment dispute, where the insurer or plan has made either an initial partial payment, or denied payment entirely.  See, 42 USC 300gg-112(b)(1)(A).  An IDR arbitration cannot be initiated except during a 4-day period following the close of the open negotiation period where the parties failed to agree on a determination of the payment amount.  See, 42 USC §300gg-112(b)(1)(B).

26. There was no payment dispute between GEOBLUE and JET ICU concerning the claims which form the basis for the Disputes.

27. Each of the Disputes concern claims upon which GEOBLUE and JET ICU agreed on the determination of the amount of payment, and which GEOBLUE in fact paid that amount and JET ICU accepted the payment.

---

[3] CPT refers to the Current Procedural Terminology published by the American Medical Association.  CPT codes describe medical or healthcare services including air ambulance services by assigning a code which represent the service(s) rendered by a healthcare provider.

28. GEOBLUE initiated the instant Disputes regarding claims about which there was no controversy about the payment made by GEOBLUE, to wit, there was no dispute as to the payment amount.

29. JET ICU is informed, and believes, and thereupon alleges, that per its normal procedures, if not enjoined by this Court, CMS has or will send the Disputes to an arbitrator, in violation of the Act.

30. CMS has no statutory authority to refer to IDR arbitration claims about which there was no dispute over payment and which in fact, as here, the insurer/plan paid the provider's claim in full.  See, 42 USC §300gg-112(b)(1)(B), 42 USC §300gg-111(b)(1)(B); 42 USC §300gg-111(c)(1)(B) & (c)(2).

31. If CMS sends the Disputes to IDR arbitration, an arbitration decision may conflict with the payment amounts upon which JET ICU and GEOBLUE already agreed, to Plaintiff's detriment and imminent injury.

32. If CMS sends claims which have been fully paid, or claims in which there is no payment dispute, including particularly the instant Disputes, such practice and precedent violates the text and intent of the NSA.  Further, such a practice by CMS would introduce uncertainty and instability to the entire healthcare system as non-network providers, among them critical care hospitals, emergency room physicians, and air ambulances, would be unable to rely on payments made by insurers/plans.

33. Pursuant to 5 USC §706, this Court has the authority to hold unlawful and set aside any agency action which is not in accordance with law, is arbitrary and capricious, or in excess of its jurisdiction.  5 USC §706(2).

**SECOND CLAIM FOR RELIEF**
(Declaratory Relief)

34. Plaintiff hereby incorporates by this reference each of the preceding paragraphs as if fully set forth herein.

35. GEOBLUE initiated two arbitration proceedings against JET ICU, pursuant to the NSA IDR process, the two disputes being assigned Dispute Nos. DISP-1214725 and DISP-1214729, respectively.

36. For the claims which form the basis for the Disputes, GEOBLUE did not make a partial payment, nor denied the claim.

37. In neither of the Disputes was there a payment dispute.  GEOBLUE paid JET ICU for the claims at issue in the amount of the full billed charge, which JET ICU accepted as full payment for the CPT codes for air ambulance services billed.  Particularly, for each claim GEOBLUE and JET ICU agreed on the payment amount.

38. JET ICU did not initiate or conduct open negotiations with GEOBLUE.  JET ICU did not initiate, nor seeks to initiate IDR arbitration concerning the claims which form the basis for the Disputes.

39. GEOBLUE did not engage in open negotiations after making a partial payment or denying entirely the claims which form the basis for the Disputes.  Instead, GEOBLUE paid the billed charges.  See Exhibit A.

40. Under the NSA, only an insurer/plan which was party to open negotiations with the provider during the open negotiation period, may initiate arbitration.  See, 42 USC §300gg-112(b)(1)(B).  GEOBLUE and JET ICU did not engage in open negotiations over a payment dispute before GEOBLUE initiated the Disputes.

41. The NSA does not confer jurisdiction or authority to CMS or its arbitration contractor to conduct arbitrations in which there is no payment dispute between provider and insurer/plan. See, 42 USC §300gg-111(c)(1)(B) &(c)(2)(A); §300gg-112(b)(1)(B).

42. Wherefore a controversy exists concerning application of the NSA, and whether GEOBLUE may initiate and/or whether CMS may refer to IDR arbitration, claims where there is no payment dispute between insurer/plan and provider.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court enter judgment in its favor and order the following relief:

1. A declaration that CMS may not refer to IDR arbitration, any request where there is not a payment dispute between provider and insurer/plan;

2. A temporary, preliminary and permanent injunction barring GEOBLUE from proceeding to IDR arbitration on the Disputes;

3. A temporary, preliminary and permanent injunction barring BECERRA and BROOKS-LASURE from referring the Disputes to IDR arbitration;

4. Attorney's fees and costs pursuant to 28 U.S.C. § 2412; and

5. Any other just and proper relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of May, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the Notice of electronic filing by certified mail to the following Defendants: WORLDWIDE INSURANCE SERVICES, LLC, D/B/A GEOBLUE, XAVIER BECERRA, and CHIQUITA BROOKS-LASURE.

/s/ Michael Brannigan
MICHAEL BRANNIGAN, ESQUIRE
**The Law Offices of Michael Brannigan P.A.**
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Email: MichaelBrannigan@jeticu.com
Phone: (352) 796-2540
Fax: (352) 796-2549
*Attorney for Plaintiffs and Petitioners,*